## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

---------------------------------------------------------X
|
**DONNA FARAGOSA,**                  |      **CASE NO. 3:16-CV-00584-VAB**
    *Plaintiff*                          |
|
**VS.**                                        |
|
**WILLIAM BACKUS HOSPITAL**     |      **APRIL 15, 2016**
    *Defendant*                      |
|
---------------------------------------------------------X

## AMENDED COMPLAINT

1. The Plaintiff in this matter, Donna Faragosa was at all times relevant to this Complaint a resident of the Town of Colcester, State of Connecticut.

2. The Defendant, William Backus Hospital (hereinafter referred to as "the Defendant"), is a not-for-profit healthcare organization located at 326 Washington Street, Norwich, Connecticut 06360.

2. The Plaintiff filed a complaint with the Commission on Human Rights and Opportunities on or about August 17, 2015. The plaintiff received a Release of Jurisdiction on or about January 12, 2015, which is attached as **EXHIBIT A**.

3. The Defendant operates a hospital at the address set forth above.

4. Plaintiff commenced her employment with Defendant approximately thirty (30) years ago, and spent the majority of the duration of her employment with Defendant as a registered nurse.

5. In or about November of 2013, based on Plaintiff's experience and her long work history, she was promoted to the position of assistant manager of

Defendant's Behavioral Health Unit, after serving as the unit's interim manager between approximately August of 2013 and November 2013.

6. The Behavioral Health Unit is an 18-bed psychiatric unit meant to treat patients who suffer from mental health issues.

7. At or around the same time Plaintiff was hired as the Behavioral Health Unit's assistant manager, Defendant hired Gail Sullivan as the unit's manager.

8. Throughout Plaintiff's employment with Defendant and prior to Defendant hiring Sullivan as its Behavioral Health Unit manager, Plaintiff was recognized by Defendant as an excellent employee, evidenced by her near three-decade long tenure and a general lack of written or verbal discipline.

9. In or around November 2014, Plaintiff began experiencing an exacerbation of a previously diagnosed spinal arthritic condition, causing her significant and lingering pain in her back. As a result of the pain, Plaintiff was often uncomfortable at work and unable to sleep prior to her scheduled work shifts.

10. As a result of Plaintiff's inability to sleep, Plaintiff began experiencing lethargy during her work shifts.

11. Plaintiff's lethargy became apparent to Ms. Sullivan and some of he coworkers when she would occasionally "nod off" during administrative morning meetings following an evening when the pain associated with her arthritis would not allow her to sleep.

12. Following one such incident, Plaintiff met with a Defendant human relations representative, who decided that a short period of FMLA leave would be

appropriate in order to begin to address the exacerbation of Plaintiff's back symptoms with her medical providers.

13. Plaintiff applied for and took such leave on or about December 2, 2014, and was out of work for a total of six working days, ending on December 14, 2014.

14. On the evening before Plaintiff was scheduled to return to work, the pain associated with her arthritis was particularly severe, and she was again unable to sleep prior to her shift.

15. Despite being unable to sleep, Plaintiff reported for her regularly scheduled shift the following day.

16. On that date, despite knowing that Plaintiff had just returned from FMLA leave associated with her medical condition, Sullivan confronted Plaintiff regarding her lethargic appearance, asking her, "What's your problem?" and going on to state, "You should be fine after eight days off."

17. On a separate occasion shortly thereafter, Sullivan insinuated that Plaintiff was a drug addict, commenting that "Maybe your pain medication is interacting with something else you're on."

18. In or around December 2014, Sullivan began lodging complaints to Defendant's human relations department, suggesting that Plaintiff was "exhibiting inappropriate behavior" such as "being defensive," "raising [her] voice," and "being aggressive."

19. Such complaints were false and pretextual.

20. Defendant, in conjunction with Sullivan's repeated and pretextual complaints about Plaintiff's behavior, placed her on a "performance improvement plan,"

and instructed her that in the event she did not comply with the terms of the plan, Plaintiff would be subject to further disciplinary action, up to and including termination.

21. Pursuant to the terms of the performance improvement plan set in place by Defendant, the plan was intended to be effectuated over the course of a sixty-day period, where Plaintiff was required to attend several meetings with Defendant human relations representatives in order to discuss her progress.

22. In one such meeting, Plaintiff met with Defendant human relations representative, Karen James, in order to discuss how things were proceeding. In the conversation that ensued, James praised Plaintiff's recent performance, but went on to note that because Plaintiff's continued employment with Defendant was "in Sullivan's hands," James told Plaintiff "I don't see it working out."

23. Following that meeting, Defendant informed Plaintiff that she should voluntarily resign, and in the event that she chose not to resign, she would be terminated.

24. Not wanting to risk potentially losing her pension benefits, which Plaintiff had accrued over the course of three decades of her employment with Defendant, Plaintiff resigned, noting that her resignation was involuntary, on or about May 15, 2015.

**COUNT ONE:** **Disability Discrimination / Perceived Disability Discrimination / and Failure to Accommodate in violation of Conn. Gen. Stat. § 46(a)-60(a)(1)**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 24 above as Paragraphs 1 through 24 of this First Count as if fully set forth herein.

25. The Defendant discriminated against the plaintiff, treated her unequally, subjected her to harassment, and ultimately her employment was constructively discharged because of her medical disability and/or perceived medical disability.

26. The Defendant did not provide the plaintiff with a reasonable accommodation, nor did it make any attempt to investigate whether a reasonable accommodation was available, despite Plaintiff's request for same.

27. The foregoing conduct of the Defendant constitutes disability discrimination, perceived disability discrimination and failure to accommodate, in violation of Conn. Gen. Stat. §46a-60(a)(1).

28. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered a substantial loss of income, health benefits, and retirement benefits and will continue to suffer the loss of same all to her loss and detriment.

29. As a further result of the foregoing unlawful conduct of the defendant, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

30. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:** **Interference in violation of the Family Medical Leave Act, 29 U.S.C. § 2612 *et seq*.**

1. Plaintiff repeats and re-alleges paragraphs 1 through 24 above as paragraphs 1 through 24 of this Second Count as if fully stated herein.

25. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff took a leave of absence under the FMLA.

26. The Defendant interfered with Plaintiff's right to be restored to her position with no adverse consequences following a protected leave by placing her on a performance improvement plan and ultimately terminating her employment.

27. As a result of the Defendant's interference with the Plaintiff's right to job protected leave without adverse consequence, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

28. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

**COUNT THREE:** **Retaliation Pursuant to the Family Medical Leave Act, 29 U.S.C. § 2612 *et seq*.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 24 above as Paragraphs 1 through 24 of this Third Count as if fully set forth herein.

25. The Plaintiff was retaliated against for exercising her rights under the FMLA in that she was subject to adverse employment actions, discriminated against, subjected to unwarranted discipline, and ultimately her employment was constructively discharged because of her use or attempted use of FMLA leave.

26. As a result of the Defendant's violation of the FMLA, the Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer the loss of same, all to her loss and detriment.

27. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, and will continue to incur, attorney's fees and costs in order to obtain the rights to which she is entitled.

          THE PLAINTIFF,
          DONNA FARAGOSA

          By: /s/ *Michael J. Reilly*
          Michael J. Reilly, Esq. (ct28651)
          CICCHIELLO & CICCHIELLO, LLP
          364 Franklin Avenue
          Hartford, Connecticut 06114
          Tel: (860) 296-3457
          Fax: (860) 296-0676
          Email: mreilly@cicchielloesq.com

**WHEREFORE,** the Plaintiff demands the following:

1. Monetary damages;

2. reinstatement or front pay;

3. Liquidated damages and interest pursuant to 29 USC § 2617;

4. costs of this action and attorney's fees;

5. such other relief as the court deems just and appropriate.

        THE PLAINTIFF,
        DONNA FARAGOSA


        By: /s/ *Michael J. Reilly*
        Michael J. Reilly, Esq. (ct28651)
        CICCHIELLO & CICCHIELLO, LLP
        364 Franklin Avenue
        Hartford, Connecticut 06114
        Tel: (860) 296-3457
        Fax: (860) 296-0676
        Email: mreilly@cicchielloesq.com

# EXHIBIT A